AO 472  (Rev. 05/05)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

JEFFREY WALLS

*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 10-30038

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a  ☐ federal offense  ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the  ☐ date of conviction  ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☑ (1) There is a serious risk that the defendant will not appear.
- ☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  ☑ clear and convincing evidence  ☐ a preponderance of the evidence  that

SEE ATTACHED

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| February 4, 2010 | s/ Mona K. Majzoub |
|---|---|
| *Date* | *Signature of Judge* |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Jeffrey Walls Detention Order

Defendant is charged by way of Complaint with filing false, fictitious or fraudulent claims. He is 54 years old and lives alone in the City of Detroit. Most of his family lives in Alabama. He is unemployed and receives disability compensation from SSA.

Defendant admits to the use of an alias. He denied the use of controlled substances at his interview, but tested positive for cocaine. His only family contact confirmed that he has a long standing cocaine dependence.

Based upon the information presented in the Pretrial Services Report, Defendant has five outstanding warrants, and he has absconded from probation twice. He has continued criminal activity while on probation. Specifically Defendant absconded from probation in August 1999, and a warrant was issued for his arrest. He was re-arrested in June 2005 and was placed back on probation. The defendant again absconded from probation in July 2006 and a warrant was again issued for his arrest on July 24, 2006.

In addition to absconding from state probation on two separate occasions, the Macomb County Probation Department advised that the Defendant violated his probation again by testing positive for cocaine on two separate occasions.

Defendant is currently a fugitive, currently abuses crack cocaine and has a long history of cocaine addiction, previously absconded from supervision twice, has five outstanding warrants, and has failed to appear in court. The defendant, by a preponderance of the evidence, poses a serious flight risk. He had continually failed to comply with conditions of supervision, and was not truthful at his interview about his drug use. He has few community ties and little or no family support. There are no conditions of bond which would assure his appearance in court. Therefore Detention is Ordered.